IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| George Stevens, #307335, | ) | C/A No.: 1:15-1044-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Pete Surette, Jr., Lee Correctional | ) | REPORT AND RECOMMENDATION |
| Institution; Mallie L. Richardson; | ) | |
| Warden D. Beckwith; Capt. Percy | ) | |
| Jones, Broadriver Correctional | ) | |
| Institution; Ernest Rowe, Broadriver | ) | |
| Correctional Institution Hearing Officer; | ) | |
| Warden Stevenson; and SCDC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

George Stevens ("Plaintiff"), proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action, alleging violations of his constitutional rights during his incarceration within the South Carolina Department of Corrections ("SCDC").[1] He sues SCDC and the following SCDC employees: Investigator Pete Surette, Jr., Captain Mallie L. Richardson ("Richardson"), Warden D. Beckwith, Captain Percy Jones, Hearing Officer Ernest Rowe ("Rowe"), and Warden Stevenson (collectively "Defendants").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that

---

[1] Plaintiff was incarcerated at Broad River Correctional Institution at the time that he filed the complaint. [ECF No. 1 at 2]. However, it appears Plaintiff has been released because he indicated in the complaint that he was to be released on February 27, 2015, *id.* at 5, and he has filed a change of address [ECF No. 7].

follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff argues that SCDC falsely accused him of a crime that he did not commit. [ECF No. 1 at 3]. Plaintiff alleges there was a riot at Wateree Correctional Institution on May 29, 2014. *Id.* He states that on August 13, 2014, he was charged in an incident report with assault of an SCDC employee, and that Richardson was the reporting officer. *Id.*[2] Plaintiff alleges that at his disciplinary hearing, Rowe found him guilty of the charges without any evidence. *Id.* He was sentenced to a loss of good time credits and to confinement in maximum security for 365 days without telephone, visitation, or canteen privileges and to an unspecified loss of good time credits. *Id.* at 5. Plaintiff alleges that he filed Step 1 and 2 grievances and that he is "in administrative law court now." *Id.* at 3. Plaintiff seeks monetary damages. *Id.* at 5.

II.    Discussion

A.    Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28

---

[2] Plaintiff claims that he was also criminally charged on July 13, 2014, for assault and battery 3rd degree, but that he was found not guilty. [ECF No. 1 at 3].

U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

1.     Disciplinary Proceedings

Plaintiff alleges that Rowe improperly convicted him of having assaulted an SCDC employee when there was no evidence of the assault. [ECF No. 1 at 3]. Disciplinary proceedings that implicate a protected liberty interest demand due process.

*See Wolff v. McDonnell*, 418 U.S. 539 (1974). To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of life, liberty, or property by governmental action. *Beverati v. Smith,* 120 F.3d 500, 502 (4th Cir. 1997). Plaintiff alleges the loss of good time credits, which implicates a protected liberty interest. However, a prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended *Heck* to a prisoner's claim for damages regarding loss of good time credits. *Id.* at 648 (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"). While *Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations where the administrative action affects credits toward release based on good time served, *Heck* bars the § 1983 claim. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). Plaintiff has not offered any evidence that his disciplinary conviction was overturned. Instead, he states that his grievances were denied and that he is proceeding in administrative law court. [ECF No. 1 at 3]. Accordingly, Plaintiff's claim is barred by the holdings of *Heck* and *Edwards* and Defendants are entitled to summary dismissal of this claim.

2.    Cruel and Unusual Punishment

Plaintiff alleges that his placement in maximum security was cruel and unusual punishment. [ECF No. 1 at 5]. While the Constitution "does not mandate comfortable prisons," "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotations and citations omitted). To state a claim that conditions of confinement violate constitutional requirements, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993).

To demonstrate that the conditions deprived him of a basic human need, Plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832. With regard to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. *Id.* at 847. Plaintiff states that he was in lock up for 365 days and his telephone, canteen, and visitation privileges were taken. [ECF No. 1 at 5]. Plaintiff also alleges that he went to "mental health cause [he had] been hearing voices and seeing things while behind these doors." *Id.* Plaintiff argues that "having nobody to [talk] to but myself is not health[y]." *Id.* Plaintiff's allegations fail to demonstrate an Eighth Amendment violation. Plaintiff cannot show that he was denied any basic human need such as food, clothing, shelter, or

medical care. *See Farmer*, 511 U.S. at 832, 837. Further, "the isolation inherent in administrative segregation or maximum custody is not itself constitutionally objectionable." *In re Long Term Administrative Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 472 (4th Cir. 1999). Plaintiff also fails to offer any facts to demonstrate that Defendants were aware of, and disregarded, any substantial risk of harm to his health or safety. *Id.* In fact, Plaintiff admits that he received treatment for his mental health issues. Because Plaintiff fails to state a cognizable Eighth Amendment claim, the undersigned recommends that his claim be summarily dismissed.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

March 26, 2015                                    Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).