# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Stevens, #307335, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Pete Surette, Jr., Lee Correctional )<br>Institution; Mallie L. Richardson; )<br>Warden D. Beckwith; Capt. Percy )<br>Jones, Broad River Correctional Institution; )<br>Ernest Rowe, Broad River Correctional )<br>Institution Hearing Officer; )<br>Warden Stevenson; and SCDC, )<br>)<br>Defendants. )<br>_____ ) | C/A No.: 1:15-1044-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 9) recommending that this Court dismiss the Complaint without prejudice and without service of process. The Court adopts the R & R for the reasons stated herein and dismisses both the false imprisonment claim and conditions of confinement Eighth Amendment claim without prejudice and without service of process.

## Background

Plaintiff George Stevens filed this *pro se* complaint pursuant to 28 U.S.C. § 1983 alleging violations of his constitutional rights during his incarceration within the South Carolina Department of Corrections. (Dkt. No. 1). Plaintiff was incarcerated at Broad River Correctional Institution at the time he filed the complaint, (Dkt. No. 1), and has been released as per Plaintiff's filing of a change of address on March 16, 2015, (Dkt. No. 7). Plaintiff brings two Section 1983 claims. (Dkt. No. 1). First, Plaintiff claims a violation of his liberty right under the first amendment as being falsely imprisoned and a loss of "good time" when he was accused of

1

assaulting a detention officer but later found not guilty. (Dkt. No. 1). Plaintiff also claims a violation of the Eighth Amendment's right to be free of cruel and unusual punishment when he was placed in "a maximize[d] lock up" for 365 days with no phone, canteen and visitor privileges causing him to suffer from "hearing voices and seeing things." (Dkt. No. 1). Plaintiff stated he was receiving mental health services. (Dkt. No. 1).

The case was assigned to a Magistrate Judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, and on March 26, 2015, the Magistrate Judge issued an R & R recommending that the Court summarily dismiss the Complaint without prejudice and without service of process. (Dkt. No. 9). Because the R&R was returned as undeliverable, it was mailed again on April 13, 2015, and Plaintiff was informed that "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). (Dkt. No. 9 at 7). No objections were filed.

## Analysis

### A. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is required to make a de novo determination of those portions of the R&R to which a specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319. Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). In the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Here, Plaintiff is challenging the duration of his confinement claiming his good time was revoked due to being accused of assault and battery during a prison riot and was not reinstated upon being found not guilty. (Dkt. No. 1). Plaintiff is seeking damages in the form of $2,000,000. (*Id.*). Plaintiff has claimed that he was found not guilty because there was no evidence to support the charge. (*Id.*). However, Plaintiff filed grievances regarding this charge and states the matter is still pending in Administrative Law Court. (*Id.*). Therefore, because Plaintiff has stated his charge was overturned, there is some evidence of a favorable result in

3

litigation and this claim would be properly filed under § 1983. However, because the matter is still pending in Administrative Law Court, Plaintiff has failed to exhaust all administrative opportunities prior to filing this § 1983 action and therefore has failed to state a cognizable First Amendment claim.

As to Plaintiff's conditions of confinement claim, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). A plaintiff must show that officials failed to provide him with humane conditions of confinement such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A plaintiff must also show that officials were deliberately indifferent, or that he knows of a substantial risk to the plaintiff and disregarded it by failing to take reasonable measures to abate it. *Id.* at 847. "[T]he isolation inherent in administrative segregation or maximum custody is not itself constitutionally objectionable." *In re Long Term Administrative Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 472 (4th Cir. 1999).

### Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R and **DISMISSES** this action without prejudice and without service of process.

**AND IT IS SO ORDERED.**

The Honorable Richard Mark Gergel
United States District Court Judge

May __, 2015
Charleston, South Carolina

4